IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | | |
|---|---|---|
| **LISTON SEWER** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2004/76 |
| | : | |
| **LIAT (1974) LTD.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J. (Sitting By Designation)**                          April 7, 2009

        Plaintiff Liston Sewer ("Plaintiff") brings this action against Defendant Liat (1974) Ltd. ("Defendant"), alleging discrimination, defamation, and intentional or negligent infliction of emotional distress. Now before the Court is Defendant's Renewed Motion to Dismiss for Forum Non Conveniens (the "Motion"). For the reasons that follow, the Motion will be denied.

**I.    BACKGROUND**

        The facts relevant to deciding the instant Motion are not in dispute. Plaintiff is a citizen of the U.S. Virgin Islands, where he purchased a ticket for a July 28, 2002 Liat airline flight from Beef Island, Tortola, British Virgin Islands to Antigua. On the day of the flight, Plaintiff was among the first passengers to check in and receive a boarding pass. While Plaintiff was standing in line to board, an employee of Defendant approached him and told him that he would have to take the next flight. Plaintiff nonetheless boarded the airplane. Subsequently, Defendant's employees called the airport police, who requested that Plaintiff deplane.[1] Plaintiff agreed and exited the plane, allegedly for the sole purpose of explaining the situation. When he attempted to

---

     [1]     Plaintiff alleges that Defendant's employees falsely reported to the police that he had assaulted a stewardess and a child in order to have him removed from the airplane.

1

re-board the airplane, he was arrested.

Plaintiff, a black West Indian and a Rastafarian, claims that Defendant illegally discriminated against him on the basis of his race, origin, and beliefs. Plaintiff also brings claims for defamation and intentional or negligent infliction of emotional distress. Neither party disputes that the U.S. District Court for the U.S. Virgin Islands has jurisdiction to hear the instant matter pursuant to 28 U.S.C. § 1332. Defendant previously moved to dismiss the case on forum non conveniens grounds so that it could be re-filed in the British Virgin Islands. Judge Raymond Finch denied the original motion on June 10, 2004, finding that Defendant failed to meet its substantial burden to overcome the presumption in favor of Plaintiff's chosen forum. See Liston v. Liat (1974) Ltd., 2004 U.S. Dist. LEXIS 11011 (D.V.I. Jun. 10, 2004) (hereinafter "First FNC Op.") (all subsequent citations to slip opinion pagination). Defendant now presents new information obtained from discovery and new arguments that it contends support the instant renewed Motion.

## II. LEGAL STANDARD

Under the doctrine of forum non conveniens, a district court may dismiss an action when another foreign jurisdiction would be more convenient. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981); 14D Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3828 (3d ed. 2007). The first step in the forum non conveniens analysis is to determine whether an alternative forum in which the action might be brought exists. See Sevison v. Cruise Ship Tours, Inc., 1997 U.S. Dist. LEXIS 12728, at *5 (D.V.I. Aug. 15, 1997) (citing Piper Aircraft, 454 U.S. at 254 n.22). If such a forum exists, then the Court must consider whether public factors and private factors weigh strongly in the defendant's favor, justifying

2

dismissal. See Piper Aircraft, 454 U.S. at 255 ("[T]here is ordinarily a strong presumption in favor of plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternate forum."); Sevison, 1997 U.S. Dist. LEXIS 12728, at *5 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09 (1947)). The plaintiff's choice of forum within the jurisdiction of the United States is entitled to greater deference when he is a U.S. citizen, as is Plaintiff in the instant matter. See Piper Aircraft, 454 U.S. at 255–56; Sevison, 1997 U.S. Dist. LEXIS 12728, at *6.

## III.    BALANCING OF PUBLIC AND PRIVATE FACTORS

The Court must consider whether private factors and public factors weigh strongly in Defendant's favor, justifying dismissal.[2] See Piper Aircraft, 454 U.S. at 255. Since Plaintiff is an American citizen, the "defendant must meet an almost impossible burden in order to deny a citizen access to the courts of this country." Mizokami Bros. of Arizona, Inc. v. Baychem Corp., 556 F.2d 975, 977 (9th Cir. 1977); see also Piper Aircraft, 454 U.S. at 255–56 ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient."). Among the private factors for the Court to consider are the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil, 330 U.S. at 508. Among the public factors to consider are "the administrative difficulties flowing from court congestion; the 'local interest in having localized

---

[2]     Even assuming that the British Virgin Islands would be an alternative forum, the Court will deny Defendant's Motion based upon the public and private factors analysis.

3

controversies decided at home'; the interest in having the trial of a . . . case in a forum that is at home with the law that must govern the action; [and] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law." Piper Aircraft, 454 U.S. at 241 n.6 (quoting Gulf Oil, 330 U.S. at 509).

Defendant has asserted several new arguments since the first forum non conveniens opinion. First, Defendant contends that discovery has revealed that four potential witnesses reside in the British Virgin Islands: Yvette Samuel,[3] Crystal Rabsatt, Gregory Maloney, and Steve Parillon.[4] See Mot. at 2, 5, 7; Resp. at 9–10.[5] However, as Plaintiff argues, Gregory Maloney and Crystal Rabsatt are currently Defendant's employees, so it can compel their attendance. Additionally, Defendant has not offered affidavits from Yvette Samuel and Steve Parillon stating that they would be unwilling or unable to travel to the U.S. Virgin Islands for trial. Finally, Defendant is a transportation company, so it is able to transport its witnesses to the forum. Cf. 15 Federal Practice and Procedure § 3851 (stating that in the context of motions to transfer venue pursuant to 28 U.S.C. § 1404, convenience of witnesses is given less consideration

---

[3] Defendant refers to this witness as boh Yvette Samuel and Ramona Samuel. See Mot. 5, 7. Plaintiff refers to the witness as Yvette Samuel and Yvette Samuels. See Resp. 9–10. The Court will refer to the witness as "Yvette Samuel."

[4] Defendant refers to this witness alternatively with the last name Pollion, see Mot. 3; Parillon, see id.; and Poleon, see id. at 5. Plaintiff uses Parillon, see Resp. 10; and Pollion, see Pl. Interrogatories, attached to Mot. at Ex. A (hereinafter "Pl. Interrogatories"). For simplicity, the Court will use "Parillon."

[5] Yvette Samuel was Defendant's Sales and Service Manager for the relevant region at the time of the incident. See Mot. 5. Crystal Rabsatt is one of the two flight attendants who reported Plaintiff's actions aboard the airplane to Gregory Maloney, a security guard employed by Defendant. See id. at 3. Steve Parillon is one of several flight passengers who allegedly got off the airplane to attempt to assist Plaintiff. See id.; Resp. 4.

4

where the defendant is a transportation company).

Second, Defendant argues that there are a number of key witnesses whose whereabouts the parties have been unable to determine.[6] See Mot. 7; Resp. 10. However, Defendant has not identified any discovery methods that would be available in the British Virgin Islands but not available in the instant forum.

Third, Defendant asserts, pursuant to Federal Rule of Civil Procedure 19(a)(1)(A), that complete relief cannot be afforded without the British Virgin Islands police and airport security. However, Plaintiff seeks only damages, and he need not seek relief from all parties who may have wronged him. See Mallalieu-Golder Ins. Agency v. Exec. Risk Indemnity, Inc., 254 F. Supp. 2d 521, 525 (M.D. Pa. 2003) (stating that when the plaintiff makes no claim against a potential party, it is clear that complete relief can be afforded in that potential party's absence).

Finally, Defendant contends that because British Virgin Islands law applies, the case should properly be heard there.[7] Defendant has produced affidavits showing that under British Virgin Islands law, Plaintiff could raise claims pursuant to a complex web of international human rights laws. While "the need to apply foreign law favors dismissal," it is not by itself dispositive. Piper Aircraft, 454 U.S. at 260 n.29 (quotation marks omitted). Moreover, in response to the

---

[6] The parties report in their briefs that Defendant has been unable to locate the following individuals: (1) Stacie Vanterpool, a passenger on the airplane who exited with her boyfriend Parillon; (2) Uri Peters, believed to be the security guard who asked Plaintiff to get out of line; and (3) Ramona Moses, a flight attendant who announced the flight cancellation. See Mot. 7; Resp. 10. The parties also report that, at the time of the filing of the briefs, they have not been able to identify Parillon's exact location. See Mot. 7; Resp. 10; see also Pl. Interrogatories (stating that Parillon is located in Tortola).

[7] For purposes of analyzing the instant argument, the Court will assume arguendo that British Virgin Islands law applies to the instant action.

5

first forum non conveniens motion, Plaintiff stated that "this action is based on civil law tort claims and therefore, complications in applying Tortola law would not arise." First FNC Op. 4. Since the burden in the instant matter is on the Defendant, the Court will accept Plaintiff's assertion that he will be seeking relief pursuant to uncomplicated tort principles.

In sum, Defendant fails to meet its heavy burden to deny a United States citizen access to the courts of this country.[8]

## VI.   CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion to Dismiss for Forum Non Conveniens will be denied. An appropriate Order follows.

---

[8]   The Court's decision to adhere to Judge Finch's earlier decision is supported by the fact that in the Third Circuit, the Court must consider "the extent of merits activity already completed and underway." Lony v. E.I. DuPont de Nemours & Co., 935 F.2d 604, 613 (3d Cir. 1991). Normally, "whenever the discovery has proceeded substantially so that the parties already have invested much of the time and resources they will expend before trial, the presumption against dismissal . . . greatly increases." Id. at 614.